**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| AYRTON DOERR, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 17-937 GMS |
| v. | ) | |
| | ) | |
| UNIVERSITY OF DELAWARE, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT UNIVERSITY OF DELAWARE'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT FOR FAILURE TO PROSECUTE**

Defendant University of Delaware (the "University") by and through its undersigned counsel, respectfully moves this Court under Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the District of Delaware Local Rules for an Order dismissing Plaintiff Ayrton Doerr ("Plaintiff")'s Complaint for failure to respond to the University's Motion to Dismiss (D.I. 4) or otherwise prosecute his claims. In support of its Motion, the University states as follows:

1.      Plaintiff filed a *pro se* Complaint on or about July 12, 2017 against the University alleging unspecified Constitutional and state law violations, presumably asserting claims under 42 U.S.C. §§ 1983-86, as well as claims for defamation of character and invasion of privacy under state law. *See* D.I. 1 (Complaint).

2.      The University moved to dismiss the Complaint on October 3, 2017 (the "Motion to Dismiss") as time-barred and for failure to state a claim under Rule 12(b)(6). *See* D.I. 4 (Motion) and 5 (the University's Opening Brief in Support).

3.      Pursuant to Local Rule 7.1.2(b), Plaintiff was required to respond to the Motion to Dismiss by October 17, 2017. *See also* D.I. 5 (Docket text: "Answering Brief/Response due date per Local Rules is 10/17/2017.").

4.      Plaintiff has failed to respond to the Motion to Dismiss nor otherwise prosecute his action; the docket reflects that Plaintiff has not filed anything with the Court since filing the Complaint in July.

5.      Rule 41(b) sets forth the appropriate bases on which a defendant may move for involuntary dismissal, including   "[i]f the plaintiff fails to prosecute or to comply with these Rules or a court order[.]"   Similarly, "[u]nder Local Rule 41.1, in a case pending wherein no action has been taken for a period of three months, upon application of any party, and after reasonable notice and opportunity to be heard, the Court may enter an order dismissing the case unless good reason for the inaction is given." *Babiarz v. Landgraf*, No. CV 16-916-LPS, 2017 WL 3948536, at *1 (D. Del. Sept. 8, 2017).

6.      This Court has recognized six factors to determine whether dismissal for failure to prosecute is warranted: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense." *McKeever v. Phelps*, No. CV 11-258-GMS, 2016 WL 659675, at *1 (D. Del. Feb. 18, 2016) (internal citations omitted).   "The court must balance the factors and need not find that all of them weigh against [Plaintiff] to dismiss the action." *Id.* (internal citations omitted).

7.      All six factors weigh in favor of the University.  First, Plaintiff is proceeding *pro se* and, as such, is "solely responsible for prosecuting his claim." *Id.* at *2. Second, Plaintiff's failure to respond to the Motion to Dismiss or otherwise prosecute his action hinders the University's ability to defend this case. Third, while this case is in its infancy, the docket

evidences only dilatoriness and inaction by Plaintiff.  Fourth, there is no indication that Plaintiff's failure is anything other than willful or bad faith.  "Only Plaintiff can take steps to prosecute [his] case." *Babiarz v. Landgraf*, 2017 WL 3948536, at *2.  Fifth, any alternative sanctions for Plaintiff's failure to prosecute (i.e., preclusion of evidence or grant of summary judgment) would have the same effect as dismissal and monetary sanctions would likely be ineffective. Finally, as set forth in the Motion to Dismiss and accompanying brief (D.I. 5), Plaintiff's claims are time-barred and otherwise fail to state claims for which relief can be granted.

8.      As Plaintiff has failed to respond to the Motion under the Local Rules and has further failed to prosecute this action, his case should be dismissed with prejudice.  Alternatively, the Court should grant the pending Motion to Dismiss as unopposed and dismiss Plaintiff's Complaint on the bases stated therein and in the accompanying brief (D.I. 5).

WHEREFORE, the University of Delaware respectfully requests that this Court dismiss the Complaint against it with prejudice.

**SAUL EWING ARNSTEIN & LEHR LLP**

*/s/ James D. Taylor, Jr.*
William E. Manning, Esquire (No. 697)
James D. Taylor, Jr., Esquire (No. 4009)
Selena E. Molina, Esquire (No. 5936)
1201 N. Market Street, Suite 2300
Wilmington, Delaware 19801
(302) 421-6800
william.manning@saul.com
james.taylor@saul.com
selena.molina@saul.com

*Counsel for Defendant University of Delaware*

Date:  November 15, 2017